# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION


**DARRYL EMIT SMITH,**

     **Petitioner,**

**v.**                                **Case No.  8:11-cv-1022-T-30EAJ**
                                      **(Criminal Case No.:  8:08-cr-78-T-30EAJ)**

**USA,**

     **Respondent.**

_____/


## ORDER

THIS CAUSE comes before the Court upon Petitioner Smith's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. #1), Smith's Motion to Amend (Dkt. #7), the Government's Response (Dkt. #8), the Government's Amended Response (Dkt. #9), and Smith's Reply (Dkt. #10). The Court grants Smith's Motion to Amend (Dkt. #7), but no additional response is needed from the Government.

On February 8, 2012, this Court granted Smith twenty days to respond to the Government's claim that Smith's motion was time barred. On February 24, 2012, Smith filed his Response (Dkt. #12).  Upon review of the pleadings,  arguments of the parties, and controlling case law, the Court concludes that the motion is due to be dismissed because it is time barred and procedurally defaulted.  If the motion were not due to be dismissed, it would be denied because Smith's claims are waived and without merit.

## **Background**

Smith pled guilty to one count of possession with intent to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The United States had previously filed an "Information and Notice of Prior Convictions" placing Smith on notice of the Government's intent to seek an enhanced sentence pursuant to 21 U.S.C. § 851 based on Smith's six prior felony drug-related convictions, subjecting him to a mandatory term of life imprisonment.

Smith's guilty plea was pursuant to a written plea agreement in which the Government agreed to consider withdrawing the "Information and Notice of Prior Convictions" if Smith fully cooperated. Prior to sentencing, the Government filed an "Amended Information and Notice of Prior Conviction" based on only one of Smith's prior felony convictions -- a conviction for delivery of cocaine within 1,000 feet of a school, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. This amendment reduced Smith's statutory term of imprisonment to twenty years to life.

In the written plea agreement, Smith waived his rights to file a direct appeal or to collaterally attack his sentence:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution;

provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

Crim. Dkt. #24, pp. 12-13, (emphasis in original).

At sentencing on September 16, 2008, this Court determined that Smith was a career offender pursuant to United States Sentencing Guideline § 4B1.1 based on his prior convictions for:

1.    Possession of Cannabis with the Intent to Sell or Deliver (December 1997 conviction, Hillsborough County Circuit Court Case No. 97-16147);

2.    Delivery of Cocaine within 1000 feet of a school (July 1998 conviction, Hillsborough County Circuit Court Case No. 98-3982); and

3.    Delivery of Cocaine with 1000 feet of a school (March 2005 conviction, Hillsborough County Circuit Court Case No. 03-CF-012079).

Any two of the prior convictions qualified Smith as a career offender under USSG § 4B1.1.  Smith did not challenge the constitutionality or factual validity of these prior convictions, nor did he object to the Court's finding that he was a career offender.

This Court determined that Smith's guideline was 262 to 327 months in prison and sentenced him to the low end of 262 months.  Smith did not file a direct appeal.

Smith filed the instant motion for writ of habeas corpus on May 9, 2011, contending he is "actually innocent" of being a career offender because his career offender status was based on several "non-qualifying" and "non-existent" offenses.

**Timeliness**

Smith's judgment was entered on September 16, 2008. It became final ten days later, on September 26, 2008, when Smith failed to file a direct appeal. *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999). He therefore had until September 26, 2009, to file his § 2255 motion for writ of habeas corpus. He actually filed the instant motion on May 9, 2011, over one and a half years late.

Smith argues that his motion is timely because he filed it within one year of *Johnson v. United States*, 130 S.Ct. 1265 (2010) which he claims recognized for the first time the right upon which his motion is based. He asserts that *Johnson* was decided on March 2, 2010, and his motion is timely because he "declare(s) under the penalty of perjury pursuant to 28 U.S.C. § 1746, and the 'mailbox rule' . . . that he placed this § 2255 motion in the hands of prison staff on March 1, 2011, to be mailed to this Court and the Respondent." Smith's Memorandum (Dkt. #2), p. 2. The Court seriously doubts that Smith placed his motion in the hands of prison officials on March 1, 2011, because it did not reach this Court for filing until over two months later, on May 9, 2011. Nevertheless, this Court will assume, without deciding, that Smith placed his motion in the hands of prison officials on March 1, 2011.

In *Johnson*, the Supreme Court held that a Florida felony conviction for battery does not constitute a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(I) ("ACCA"). The Supreme Court interpreted the term "physical force" in ACCA to mean "violent force." Since Florida's battery statute included "*any* intentional physical contact," the Supreme Court held that the Florida battery statute could not qualify as

a violent felony under the ACCA.  But Smith's reliance on *Johnson* is misplaced.  For *Johnson* to start a new one year limitation period within which Smith could timely file a § 2255 motion, it must be made retroactively applicable on collateral review.  And neither the Supreme Court nor the Eleventh Circuit has made *Johnson* retroactively applicable on collateral review.

But Smith claims that *Johnson* has been made retroactively applicable, citing *Lamar v. United States*, 2010 U.S. Dist. LEXIS 91908 (2010).  Once again, Smith's reliance is misplaced.  First, *Lamar* does not hold that *Johnson* is retroactively applicable.  To the contrary, it assumed, without deciding, that *Johnson* was retroactively applicable and then denied *Lamar*'s motion on the merits.   Second, *Lamar*, which relied in part on *Gilbert*, was decided before the Eleventh Circuit vacated that decision. *See*, *Gilbert v. United States*, 609 F. 3d 1159 (11th Cir. 2010).  On rehearing *en banc*, the Eleventh Circuit vacated the panel opinion in *Gilbert* and held that a defendant was not permitted to bring a federal habeas petition to raise a sentencing claim that should have been raised on direct appeal.  *Gilbert v. United States*, 640 F. 3d 1293 (11th Cir. 2011).

Thus, Smith points to no support for his assertion that *Johnson* started a new one year period within which he could timely file a § 2255 motion.  Since Smith filed his motion after his one year limitation period expired on September 26, 2009, it is time barred and must be dismissed.

**Procedural Bar**

As a general rule, a sentencing error claim like Smith's must be raised on direct appeal or else it is barred in a § 2255 proceeding. *Lynn v. U.S.*, 365 F. 3d 1225 (11th Cir. 2004). This "procedural default" may be excused to permit a subsequent habeas motion only if a defendant can first demonstrate either "cause" and "actual prejudice," or a miscarriage of justice, i.e., that he is "actually innocent." *Bousley v. U.S.*, 523 U.S. 614, 622 (1998). Smith procedurally defaulted his career offender argument when he did not file a direct appeal. He does not claim that he had cause and actual prejudice to excuse his default, which leaves him with having to show that he fits into the second prong: "miscarriage of justice, or actual innocence."

In a case directly on point, the Eleventh Circuit recently held that a claim that one was "innocent" of being a career offender because a predicate offense had been held to no longer serve as a qualifying predicate failed to meet the actual innocence exception, because "innocence" must be factual, not legal, innocence. *McKay v. United States*, 657 F. 3d 1190 (11th Cir. 2011). In *McKay*, the Eleventh Circuit said:

> Just like the movant in *Pettiford*, McKay makes the purely <u>legal</u> argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of <u>factual</u> innocence of the predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well.

*Id.* at 1199, (emphasis in original).

Since Smith's claim is procedurally defaulted, it would be dismissed even it were not time barred.

## Waiver

The right to collaterally challenge a sentence is statutory and can be waived if done so knowingly and voluntarily. *Williams v. United States*, 396 F. 3d 1340 (11th Cir. 2005). Smith's sentence did not exceed the statutory maximum or the applicable guideline range as determined by the Court, and Smith has not demonstrated any violation of the Eighth Amendment. Therefore, the claims raised in his motion are waived as long as the United States can demonstrate from the record that his waiver was knowing and voluntary. To do so, the United States points to the following colloquy which occurred during his guilty plea hearing:

> THE COURT: Before coming here today, did you talk with Mr. Hall about this part of your plea agreement?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: Did you [sic] have a chance to answer any questions?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: Okay. Do you understand that no one knows for sure what your guideline sentence will be and that you're being asked in advance to give up any issues regarding the guidelines except if your sentence exceeds the guideline range as determined by the Court? Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: So, another aspect you need to understand is sometimes Defendants will claim that their attorneys are ineffective and that, that's why they got a longer sentence, so that's why they even plead guilty. I'm not suggesting in any way that you would have a claim of ineffective assistance of counsel regarding this case, but I need you to be aware that ineffective

assistance of counsel is not one of those three things that you can use to appeal or challenge your sentence on because it's not one of those three things that is spelled out there. Do you understand that?

THE DEFENDANT:   Yes, ma'am.

THE COURT:   Okay. Do you make the waiver of appeal knowingly, Mr. Smith?

THE DEFENDANT:   Ma'am?

THE COURT:   Do you make it knowingly, that is, do you have enough information and knowledge to decide that you understand this?

THE DEFENDANT:   Yes, I do.

THE COURT:   And do you make the waiver of appeal voluntarily?

THE DEFENDANT:   Yes.

Crim. Dkt. #42, pp. 16-18.

It is clear from the record that Smith's waiver was knowing and voluntary and the claims he now seeks to raise in this motion are waived. Therefore, even if the claims were not barred on the basis of timeliness and procedural default, they would fail because they are waived.

## **Merits**

Assuming Smith's claims were not time barred, procedurally defaulted, and waived, they would still fail on the merits.

Smith argues that, on the basis of *United States v. Shannon*, 631 F. 3d 1187 (11th Cir. 2011), he should not have been classified as a career offender at sentencing.  In *Shannon*, the Eleventh Circuit held that because Florida's cocaine trafficking statute § 893.135(1) could

involve solely the "purchase" of cocaine, a conviction under that statute should not count as a controlled substance offense for purposes of classification as an armed career criminal because "purchase" was not included in USSG § 4B1.2(b). And, as additional support, Smith cites to a recent decision of a sister court, a decision he claims this Court has previously approved, *Shelton v. Department of Corrections*, 2011 WL 3236040 (M.D. Fla. July 27, 2011).

*Shannon* offers no support for Smith's claims. *Shannon* was based on whether a mere purchase, without an accompanying intent to sell, could qualify as a predicate offense under ACCA. All of Smith's predicate offenses involved an accompanying intent to sell or deliver.

Likewise, *Shelton* offers no support for Smith's position. While this Court noted that *Shelton* dealt with the unique situation of a jury instruction that did not require the State to prove anything other than the defendant's delivery of an illegal substance, it disapproved of the overall holding. Indeed, this Court held, contrary to *Shelton*, that Florida's Drug Abuse and Control Law is not facially unconstitutional. *United States v. Bunton*, 2011 WL 5080307 (M.D. Fla. October 26, 2011).

Therefore, Smith's claims would have been denied even on the merits.

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) is DISMISSED as time barred and procedurally defaulted.

2.      Even if Petitioner's motion were not time barred and procedurally defaulted, it would have been denied because he waived the claims in his plea agreement.

3.      And, had Petitioner's motion not been time barred, procedurally defaulted, and waived, it would have been denied on the merits.

4.      The Clerk is directed to terminate any pending motions and close this case.

5.      The Clerk is directed to terminate from pending status the motion to vacate in the underlying criminal case, case number 8:08-cr-78-T-30EAJ (Dkt. #35).


## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on March 14, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2011\11-cv-1022.deny 2255.wpd